MICHAEL BEST & FRIEDRICH LLP
David Szwarcsztejn, Bar 272371
david.szwarcsztejn@michaelbest.com
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: 424.299.8900
Facsimile: 877.398.5240

Attorneys for Plaintiff MEGACORP LOGISTICS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGACORP LOGISTICS, LLC, | Case No. _____ |
| Plaintiff, | **[COMPLAINT]** |
| v. | Date: _____ |
| METALWOOD STUDIO LLC, | Judge: _____ |
| Defendant. | |

**Error! Unknown document property name.**

Plaintiff MegaCorp Logistics, LLC, acting by and through its counsel, files this Complaint against Defendant, and for causes of action would respectfully show as follows:

## PARTIES

1.     Plaintiff MegaCorp Logistics, LLC is a Delaware limited liability company with its principal place of business in Wilmington, North Carolina.

2.     Defendant Metalwood Studio LLC is a California limited liability company with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

3.     This is an action for trademark infringement and dilution under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

4.     Defendant's principal place of business is in this judicial district.  This Court has personal jurisdiction over Defendant and venue is proper in this judicial district.

## STATEMENT OF FACTS

5.     Plaintiff MegaCorp Logistics, LLC ("MegaCorp") provides transportation and freight logistics services and software to regional, national, and international companies.  MegaCorp is responsible for getting products to the stores Americans visit every day, such as Walmart.  MegaCorp is one of America's top-ranked logistics companies.  It is consistently named a Top 100 Logistics Company, Top Food Logistics Company, a Best Workplace, and a Top 100 Domestic Transportation Management Provider.

6.     For more than fifteen years, MegaCorp has used its MEGACORP trademarks in conjunction with its products and services.

7.     MegaCorp owns the following U.S. Trademark Applications and Registrations:

COMPLAINT
CASE NO.  2:25-CV-07449
**Error! Unknown document property name.**

| | |
|---|---|
| **MEGACORP** Allowed App. No. 98/423209 | Class 9: Downloadable computer software applications for viewing load information, in-transit tracking, providing load status updates, providing access to invoices, providing access to load documents, managing appointments, and communicating with transit providers; Downloadable computer software platforms for logistics services, freight brokerage services, and transportation brokerage services.

Class 35: Business advisory services in the field of transportation and freight logistics; Business management of logistics for others by means of arranging freight transportation in FTL, LTL, drayage, and intermodal logistics; Freight logistics management; Providing electronic tracking of freight information to others for business administration purposes; Transportation logistics services, namely, arranging the transportation of goods for others; Transportation logistics services, namely, planning and scheduling shipments for users of transportation services. \| First Use in Commerce: May 2009

Class 39: Freight brokerage; Freight shipping services; Freight transportation by truck; Freight transportation brokerage; Transport brokerage. \| First Use in Commerce: May 2009

Class 42: Providing temporary use of non-downloadable computer software for tracking freight over computer networks, intranets and the internet; Software as a service (SAAS) services featuring software for viewing load information, in-transit tracking, providing load status updates, providing access to invoices, providing access to load documents, managing appointments, and communicating with transit providers; Providing temporary use of non-downloadable computer software for preparing invoices over computer networks, intranets and the internet; Providing temporary use of non-downloadable computer software for shipment processing over computer networks, intranets and the internet; Providing temporary use of non-downloadable computer software for preparing shipping documents over computer networks, intranets and the internet. \| First Use in Commerce: May 2009 |

COMPLAINT
CASE NO.  2:25-CV-07449

Error! Unknown document property name.

| | |
|---|---|
|  Reg. No. 8047561 | Class 35: Business advisory services in the field of transportation and freight logistics; Business management of logistics for others by means of arranging freight transportation in FTL, LTL, drayage, and intermodal logistics; Freight logistics management; Providing electronic tracking of freight information to others for business administration purposes; Transportation logistics services, namely, arranging the transportation of goods for others; Transportation logistics services, namely, planning and scheduling shipments for users of transportation services |

8.     Since 2009, MegaCorp has used a stylized logo for its logistics and transportation services and software.  The stylized logo is shown below:



(the "Logo").

9.     In addition to use with MegaCorp products and services, MegaCorp uses the MegaCorp Logo in branding across a wide spectrum of consumer-facing offerings.

10.     MegaCorp uses the MegaCorp Logo in conjunction with the MegaCorp Pavillion, a music venue in Newport, Kentucky sponsored by MegaCorp.

 

11.     MegaCorp employees wear apparel branded with the MegaCorp Logo when participating in volunteer work.  By way of example, the photograph below

COMPLAINT
CASE NO.  2:25-CV-07449
**Error! Unknown document property name.**

shows MegaCorp employees engaging in volunteer work while wearing branded clothing.



12.    MegaCorp operates the MegaSwag Store.  MegaSwag is "the official swag store for MegaCorp Logistics and MegaCorp branded items."  The MegaSwag store is available at https://megaswag.shop/.  MegaCorp has owned and operated the MegaSwag online store since at least as early as 2024.  Examples of products available for purchase through the MegaSwag store include:

  

13.    MegaCorp sells branded golf clothes and golf accessories.  These products are branded with the MegaCorp Logo.  A few examples are shown below.

 

COMPLAINT
CASE NO.  2:25-CV-07449

**Error! Unknown document property name.**



14.    In addition to its line of MEGACORP branded golf products, MegaCorp is also well known in the golf industry through its sponsorships.  Since 2018, MegaCorp has sponsored PGA tour member Brian Harman.  In 2022, MegaCorp began sponsoring a second professional golfer, J.T. Poston.  An image of MegaCorp personnel with Mr. Harman and Mr. Poston is below.



15.    Mr. Harman and Mr. Poston wear MEGACORP branded golf clothes as part of their sponsorship.  This apparel has resulted in viral moments where golf fans discussed the brand on social media.

16.    Consumers in the golf community are well acquainted with MegaCorp due to, among other things, MegaCorp's sponsorship relationship with these professional golfers.  They have seen Mr. Harman and Mr. Poston wearing branded golf apparel featuring the Logo at PGA events and during television broadcasts of PGA tournaments.  They can also purchase this apparel from the MegaSwag store.

### Defendant's Bad Acts

17.    Defendant is an apparel company.  Defendant sells its apparel through various channels, to include its online store at https://metalwood.studio.

18.    In promotional material, Defendant has described itself stating:

**Error! Unknown document property name.**

> Metalwood Studio is an ode to golf in the90s and early 2000s – a time when the sport was shifting, pros were trading persimmon woods for cutting-edge tech, and style meant baggy, unpolished fits long before today's performance-driven apparel.  Carrying that same rebellious energy forward, Metalwood blends function with form, creating modern accessories that stand out with bold designs and innovative materials.

Defendant's apparel is targeted towards consumers of golf apparel.

19.    In the fall of 2025, MegaCorp discovered Defendant was selling golf-inspired apparel branded with a variation of MegaCorp's Logo.  The logo used by Defendant copies MegaCorp's logo in its entirety, with the sole change being removing the "ga" from "Mega" to replace it with "tal."  In other words, Defendant replaced "Mega" in "MegaCorp" with "Metal" to read "MetalCorp."  Other than this variation, the logos are identical.



| Actual MegaCorp Logo | Infringing Logo |
|---|---|

20.    Examples of products listed on Defendant's website in 2025 include the following:

 

Of the approximately 50 items for sale on Defendant's online store in September

COMPLAINT
CASE NO.  2:25-CV-07449

**Error! Unknown document property name.**

2025, at least 7 included Defendant's "MetalCorp" logo.

21.     Defendant featured its apparel with the "MetalCorp" logo in Defendant's advertising.  For example, Defendant promoted its products through Instagram via posts showing models decked out in more than one product bearing the "MetalCorp" logo.  One example is shown below.



22.     Defendant's "MetalCorp" logo is confusingly similar to MegaCorp's Logo.

23.     Defendant uses its "MetalCorp" logo for the same type of goods as those MegaCorp offers under its MegaCorp Logo.  For example, MegaCorp sells MEGACORP branded golf apparel under its MegaCorp Logo, and Defendant sells "MetalCorp" golf apparel branded with the "MetalCorp" logo.

24.     Defendant's goods branded with the "MetalCorp" logo are directed to at least some of the same consumers as at least some of MegaCorp's goods branded with the MegaCorp Logo, namely, golfers and consumers of golf apparel.

25.     On September 23, 2025, MegaCorp wrote to Defendant, raising its concerns that consumers were likely to be confused or mistakenly believe that

Error! Unknown document property name.

Defendant's "MetalCorp" branded apparel originated with or were sponsored by MegaCorp. MegaCorp demanded that Defendant to cease and desist all use of the "MetalCorp" logo.

26. On September 24, 2025, Defendant responded to MegaCorp, agreeing to remove all merchandise with the "MetalCorp" logo from its online store. Defendant further stated:

> We're sorry for using MegaCorp Logistics, LLC's property. We're huge fans of Brian Harman and JT Posten and what they and the organization have built – because it's so well known, we thought our graphic would be received as a tribute of sorts.

27. On September 26, 2025, MegaCorp responded to Defendant, reminding Defendant to "please make sure that you've removed the products from third party websites as well." MegaCorp provided Defendant with a link to a third-party store's listing of Defendant's "MetalCorp" apparel.

28. Despite Defendant agreeing it would stop using the "MetalCorp" logo, Defendant's "MetalCorp" products remained available through several third-party eCommerce stores and Defendant's website in late October 2025. Defendant had actual knowledge of at least some of these stores. For example, the third-party listing that MegaCorp brought to Defendant's attention in the September 2025 communication continued to actively list Defendant's products branded with the "MetalCorp" logo at the end of October 2025.

29. On September 24, 2025, Defendant had explicitly told MegaCorp that it "removed all merchandise featuring this logo from our website." This statement was not accurate. Defendant's website continued to display the "MetalCorp" branded merchandise in October 2025 at https://metalwood.studio/lookbook/metalwood-fw25-d1-lookbook.

30. On October 20, 2025, MegaCorp wrote to Defendant, demanding Defendant have all third parties selling Defendant's "MetalCorp" products

9

COMPLAINT
CASE NO. 2:25-CV-07449

**Error! Unknown document property name.**

immediately remove those products. MegaCorp further identified that Defendant's website that continued to display the "MetalCorp" products at https://metalwood.studio/lookbook/metalwood-fw25-d1-lookbook.

31. That same day, Defendant responded to MegaCorp. Defendant claimed it was "in close contact" with the third-party stores selling the "MetalCorp" merchandise "to get them to take the product down from their sites."

32. MegaCorp contacted the third-party stores selling the "MetalCorp" products. MegaCorp explained that the apparel violated MegaCorp's rights. Upon learning of MegaCorp's concerns, the "MetalCorp" merchandise was removed from third-party retailer platforms.

33. In February 2026, MegaCorp discovered an additional third-party eCommerce store selling the "MetalCorp" apparel. MegaCorp wrote to that third-party, notifying it that the products violated MegaCorp's rights. In response, the third-party quickly removed the listings upon learning of the concern.

34. On February 20, 2026, MegaCorp wrote to Defendant. Defendant was told again that all "MetalCorp" use had to stop. MegaCorp explained that, if it continued to find "MetalCorp" merchandise for sale, it would need to escalate the dispute.

35. It is now June 2026. MegaCorp yet again found "MetalCorp" apparel for sale on third party websites. MegaCorp again reached out to those third parties and requested removal of the infringing products. The material was removed in less than 72 hours.

36. Upon information and belief, and based on how quickly the third parties responded to MegaCorp's concerns, Defendant did not contact the third parties to whom it sold its remaining "MetalCorp" branded inventory to request removal of the "MetalCorp" apparel from those platforms.

37. Upon information and belief, Defendant is intentionally using third

10

**Error! Unknown document property name.**

party platforms to sell off its inventory of "MetalCorp" apparel in order to continue to profit from the "MetalCorp" apparel.

### FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. § 1125

38.     MegaCorp realleges the foregoing paragraphs.

39.     MegaCorp owns the trademarks MEGACORP, MEGACORP LOGISTICS, and the MegaCorp Logo (the Logo is shown below).



40.     MegaCorp sells branded merchandise, to include apparel. This apparel is sold under the MEGACORP brand, to include the MegaCorp Logo.

41.     MegaCorp's apparel sold under the MegaCorp Logo is directed to various consumer groups. One such group is golfers and consumers of golf apparel.

42.     MegaCorp's apparel sold under the MegaCorp Logo is sold through online platforms.

43.     Defendant uses "MetalCorp" branding to sell apparel. An example of the "MetalCorp" branding used by Defendant is shown below.



44.     Defendant's "MetalCorp" branding is nearly identical to MegaCorp's Logo. The only difference is that the "MetalCorp" logo replaced the "ga" in "mega" with "tal."

45.     Defendant's "MetalCorp" branding is confusingly similar to MegaCorp's Logo.

46.     Defendant's "MetalCorp" branding is used to sell apparel.

Error! Unknown document property name.

47.  Defendant targets golfers and golf apparel consumers.

48.  Defendant sells its apparel through an online platform.

49.  Defendant's "MetalCorp" branding is used to sell at least some of the same type of goods that MegaCorp sells under the MegaCorp Logo, namely apparel.

50.  Defendant's "MetalCorp" branding is used to sell goods to at least some of the same consumers as MegaCorp.  In particular, both Defendant and MegaCorp target golfers and golf apparel consumers.

51.  Defendant and MegaCorp sell their respective apparel through online platforms.

52.  Defendant's use of the "MetalCorp" branding to sell the same type of goods that MegaCorp sells under the MegaCorp Logo, to the same group of consumers, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with MegaCorp.

53.  Defendant's use of the "MetalCorp" branding to sell the same type of goods that MegaCorp sells under the MegaCorp Logo, to the same group of consumers, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's "MetalCorp" goods.  Consumers are likely to believe those goods are approved by MegaCorp.

54.  Defendant knew of MegaCorp's Logo prior to the first time Defendant used the "MetalCorp" branding on apparel.

55.  Defendant intended consumers viewing the apparel it sold under the "MetalCorp" logo to associate those goods with MegaCorp.

56.  Defendant sold its "MetalCorp" apparel to third party resellers.

57.  MegaCorp asked Defendant to stop all use of the "MetalCorp" brand and to have all "MetalCorp" products removed from all third-party resellers who purchased the same.

12

COMPLAINT
CASE NO.  2:25-CV-07449

**Error! Unknown document property name.**

58. More than six months after MegaCorp's request, Defendant's "MetalCorp" apparel continued to be available through third-party resellers.

59. Defendant engaged in trademark infringement.

60. Defendant's infringement was done willfully, knowingly, and intentionally.

## SECOND CAUSE OF ACTION
### Unfair Competition
### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

61. MegaCorp realleges the foregoing paragraphs.

62. As set forth above, Defendant has engaged in trademark infringement.

63. Defendant has engaged in unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code **§§** 17200 *et seq.* through its unauthorized use of a mark and brand confusingly similar to MegaCorp's Logo and brand to sell the same type of goods (apparel) to the same group of consumers (golfers and golf apparel consumers).

64. Defendant's acts constitute "unlawful" conduct because they violate the Lanham Act (15 U.S.C. § 1125).

65. Defendant's acts constitute "unfair" and "fraudulent" conduct because those acts are likely to deceive consumers into believing that there is an association between MegaCorp and Defendant and/or between MegaCorp and Defendant's "MetalCorp" merchandise.

66. Defendant's actions were willful, intentional, and carried out with knowledge of MegaCorp's rights in the MegaCorp Logo.

67. As a result of Defendant's conduct, MegaCorp suffered and continues to suffer substantial injury. MegaCorp has lost control of its brand and reputation, and, upon information and belief, lost sales.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays the Court to:

COMPLAINT
CASE NO.  2:25-CV-07449
**Error! Unknown document property name.**

a. Find that Defendant's use of a mark confusingly similar to MegaCorp's trademark(s) amounts to trademark infringement and unfair competition;

b. Permanently enjoin Defendant from using the "MetalCorp" branding, as well as any other mark or branding confusingly similar with any mark or branding owned by MegaCorp;

c. Find Defendant's actions were willful and intentional;

d. Award MegaCorp its actual damages;

e. Disgorge Defendant's profits;

f. Award MegaCorp its reasonable attorneys' fees;

g. Award MegaCorp its taxable costs and disbursements in this action;

h. Award pre-judgment and post-judgment interest as allowed by law; and

i. Grant all other relief to which MegaCorp may show it is entitled and as this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

Dated: July 28, 2026

s/ David Szwarcsztejn
Attorney for Plaintiff
MegaCorp Logistics, LLC

COMPLAINT
CASE NO.  2:25-CV-07449

**Error! Unknown document property name.**